**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Sui Juris Angalique Daysharie Gibbs,

Plaintiff,

v.

The State of Nevada, et al.,

Defendants.

Case No. 2:26-cv-01428-CDS-BNW

**ORDER and REPORT AND RECOMMENDATION**

Pro se plaintiff filed an application to proceed *in forma pauperis* and a complaint. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, this Court will grant her request to proceed *in forma pauperis*. This Court now screens her complaint.

**I.    ANALYSIS**

**A.  Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Screening the complaint

Plaintiff's claims are rooted in sovereign citizen ideology. She contends that she is a "living woman" being prosecuted as a separate "corporate fiction," that she has not knowingly or voluntarily consented to be treated as a "statutory citizen," and that statutory laws, codes, and regulations therefore do not apply to her. Plaintiff further asserts that the state court lacks jurisdiction over her person because no "lawful contract, agreement, or oath" exists establishing her consent to be governed, and that jurisdiction has been "assumed and not proven."

Across her claims, Plaintiff alleges that District Attorney Acosta and the State of Nevada violated her rights by bringing criminal charges against her. She also alleges the Court Administrator and Deputy Clerk deprived her of access to the court by refusing to file her affidavit and motion to dismiss in the underlying state criminal case. In addition, she alleges Judge Mendoza has allowed her constitutional rights to be violated by allowing a case to move forward when there was no jurisdiction.

As relief, Plaintiff requests dismissal of the underlying state criminal case and monetary damages of no less than $9,000,000.00, with a stated willingness to negotiate if she is not sent to prison on a separate matter.

Plaintiff alleges violations of 18 U.S.C. §§ 241, 242, and due process rights from the ongoing state criminal proceedings in case number C-26-397502. She names the following

defendants: the State of Nevada, District Attorney Kassandra Acosta, Judge Mendoza, Court Administrator Anntoinette Naumec-Miller, and Deputy Clerk Steven D. Grierson.

It is evident Plaintiff adheres to the type of "sovereign citizen" theory that has been rejected by courts around the country as frivolous, irrational, or unintelligible. *United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument."). "Sovereign citizens," like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside. *El v. Ally Bank*, 2022 WL 2904867, at *2 (D. Nev. 2022) (quotation marks and citations omitted); *see also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."). States have the inherent authority to charge individuals with criminal offenses under their own statutes. *Mayor, Aldermen and Commonalty of City of New York v. Miln*, 36 U.S. 102 (1837) (holding states can prosecute any individual found within their jurisdiction for offenses committed within their jurisdiction against their criminal law). Federal courts may not enjoin or otherwise intervene in ongoing state criminal cases except in extremely narrow circumstances, none of which are present in this case. *Younger v. Harris*, 401 U.S. 37 (1971). As a result, this Court recommends that the complaint be dismissed with prejudice.[1]

---

[1] In addition, all named Defendants are entitled to immunity from suit. The State of Nevada is entitled to Eleventh Amendment sovereign immunity. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."). District Attorney Acosta is entitled to absolute prosecutorial immunity for all acts taken in her role initiating and pursuing the criminal prosecution against Plaintiff. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Judge Mendoza is entitled to absolute judicial immunity for all acts taken in her judicial capacity in the underlying proceedings. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). As to Court Administrator Naumec-Miller and Deputy Clerk Grierson, while quasi-judicial immunity may not extend to independent decisions to reject pro se filings made without judicial direction, these defendants may nonetheless be entitled to qualified immunity to the extent they were acting pursuant to court rules and procedures in returning Plaintiff's documents. This Court need not resolve the precise scope of immunity as to these two defendants, however, because even assuming their conduct was improper, Plaintiff cannot state a cognizable access-to-courts claim

**II.     CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Angalique Daysharie Gibbs, #7017579 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the attention of the warden at the Clark County Detention Center, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

/ /

/ /

/ /

/ /

/ /

---

absent a showing that she was denied the ability to pursue a non-frivolous legal claim, which she cannot demonstrate here given that the documents she sought to file were grounded entirely in frivolous sovereign citizen legal theories. *Lewis v. Casey*, 518 U.S. 343, 351–52 (1996). Lastly, Plaintiff has no private right of action to bring suit under 18 U.S.C. §§ 241, 242. *Robertson v. Catholic Cmty. Servs. of W. Wash.*, 2023 U.S. App. LEXIS 12658, at *2, 2023 WL 3597383 (9th Cir. 2023).

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed with prejudice.


## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 20, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE